SOUTHWICK, P.J.,
for the Court:
¶ 1. The buyers in a residential contract were found to be entitled to a refund of their earnest money after they failed to complete the transaction. The sellers appeal. We find no error and affirm.
FACTS
¶2. Joey and Trade Langston owned a house in Tishomingo County, Mississippi. The Langstons decided to sell their home in 1997, and entered into a purchase agreement with Herschel and Diane Taylor. The agreed upon purchase price was $287,-500. At the time of the execution of the contract, the Taylors secured the contract with $1,000 of earnest money and agreed to pay an additional $4,000 in earnest money thirty days later. The sales contract was contingent on the Taylors’ selling their home in Memphis, but also provided that “a bridge loan may be obtained” if that *67 home did not sell in time. The closing date of the sale was set for no later than September 30,1997.
¶ 3. Following the execution of the contract, the Langstons removed their home from the market and stopped entertaining prospective buyers. The Taylors placed their Memphis home on the market on June 14, 1997, but they received no offers. The Langstons entered into an agreement to purchase a new home about three weeks before the closing date on their current home.
¶ 4. As the closing date approached, the Taylors notified the Langstons that they had been unable to sell their Memphis home. The Langstons informed the Tay-lors that they needed to secure a bridge loan so that the closing could occur. The Taylors chose not to submit an application because they were informed by one lending institution that they would not qualify for a bridge loan.
¶ 5. At the time of the closing, the Tay-lors had not sold their Memphis home nor obtained a bridge loan. The Langstons agreed to extend the contract for an additional ninety days. By the second closing date, the Taylors still had not sold their home and the sale was not pursued. The Taylors finally were able to sell their home two months after the second closing date.
¶ 6. The Langstons sought to retain the $5,000 earnest money paid by the Taylors. Following an evidentiary hearing, the chancellor determined that the Taylors had fulfilled their duties under the contract and were entitled to a refund. The Langstons appeal.
DISCUSSION
¶ 7. The only issue on appeal is whether the Taylors had complied with the sales contract even though they had not sought a bridge loan. To the extent the outcome is controlled by resolution of disputed questions of fact, that was for the chancellor and we solely search for manifest error. Murphy v. Murphy, 631 So.2d 812, 815 (Miss.1994).
¶ 8. Here the chancellor found that the contract provided that the sale was contingent upon the Taylors’ selling their home in Memphis. If this contingency did not occur, then the contract did not require that a bridge loan be obtained but made it an option.
¶ 9. When the terms of a contract are unambiguous, the court should look to the “four corners” of the document to determine how to interpret it. McKee v. McKee, 568 So.2d 262, 266 (Miss.1990). The contract used the word “may” in reference to acquiring a temporary loan to substitute for the equity in the buyer’s home that was otherwise necessary for the sale to occur. Any ambiguity was resolved in favor of the natural meaning of the use of “may.”
¶ 10. The buyers’ earnest money would be forfeited as liquidated damages only if the buyers failed to perform. No manifest error exists in the chancellor’s finding that no breach occurred. The Taylors were therefore entitled to the refund of their earnest money once the day for closing passed.
¶11. THE JUDGMENT OF THE TISHOMINGO COUNTY CHANCERY COURT AWARDING THE RETURN OF $5,000 EARNEST MONEY TO THE APPELLEES IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLANTS.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.
MOORE, J., NOT PARTICIPATING.